O’MALLEY, District Judge,
concurring.
I respectfully concur in the result only. I do not agree that the allegations in Hughes’s complaint operate to bar her claim as a matter of law; the allegations to which the majority and the district court cite are far too imprecise to be read as binding admissions on this important dis-positive issue. I also cannot agree that, on the record presented, Hughes should be charged with the knowledge that what happened to her as a child was wrongful, so as to bar her claim at or near the time she reached majority. I concur solely because I believe that, in the circumstances presented here — where there were numerous newspaper articles and television broadcasts regarding these events— Hughes should have known of the injury which is the basis for her action. See Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984).
I further note that I do not believe that advertising alone would necessarily, or even usually, be sufficient to begin the running of the statute of limitations. If the circumstances had been marginally different if the media had been less comprehensive in its coverage, or if Hughes did not live in the city where the media coverage occurred — I likely would be unwilling to conclude, at the summary judgment stage, that Hughes had constructive knowledge of the event. I am, however, comfortable in the narrow circumstances presented here agreeing with the majority’s conclusion that the “publicity was sufficient to charge Hughes with constructive knowledge of the events underlying her cause of action ...” See Op. at 548.